UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20097-KMM

JOSEPH C. ZOGHAIB

    Plaintiff,

v.

SOCIÉTÉ GÉNÉRALE DE BANQUE
AU LIBAN, et al.

    Defendant.
_____/

**DEFENDANT SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN'S EXPEDITED MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT**

Pursuant to Local Rule 7.1(d)(2), Defendant Société Générale De Banque Au Liban ("SGBL") respectfully submits this expedited motion requesting a sixty-day extension of time to respond to Plaintiff's newly-filed Amended Complaint (ECF No. 33). In support, SGBL states as follows:

1. Plaintiff Joseph C. Zoghaib ("Plaintiff") filed this lawsuit on January 7, 2025 (ECF No. 1).

2. Plaintiff claims to have served Defendant SGBL with the Complaint on October 16, 2025 (ECF No. 31).[1]

3. Pursuant to this Court's Order (ECF No. 5), answers must be filed 21 days following the service of the Complaint upon the last-served Defendant.

4. SGBL has become aware that Plaintiff filed an Amended Complaint on October 30, 2025 (ECF No. 33).

---

[1] SGBL specifically reserves its right to challenge service and personal jurisdiction.

5.  SGBL's response to the Amended Complaint is due November 13, 2025.[2]

6.  Local counsel was contacted on October 27, 2025, and then formally retained on October 30, 2025, after clearing conflicts.

7.  Undersigned counsel, including *pro hac* counsel, being newly retained, respectfully request additional time to: (a) review the Complaint, Amended Complaint and other filings in this case; (b) investigate and analyze relevant case materials (including client and Plaintiff's account information), which are in the process of being translated into English; (c) conduct legal research on the seventeen (17) counts asserted in the Amended Complaint; (d) develop a litigation strategy in conjunction with SGBL's Lebanese counsel; and (e) prepare a responsive pleading.

8.  Due to the complexities and logistics involved in this litigation involving a foreign defendant, translated banking information, some likely coordination with a co-defendant, important subject matter and personal jurisdictional questions, and the extensive time required to respond to a 17-count complaint—one that includes many very serious (but false) allegations, including that SGBL "engaged in a pattern of racketeering activity involving wire fraud, money laundering, and violations of OFAC sanctions targeting Hizballah and Iranian-linked entities" (ECF No. 33 at ¶ 155), SGBL respectfully seeks an extension of the current deadline by sixty (60) days up to and including January 12, 2026.

---

[2] Fed. R. Civ. P 15(a)(3) provides that responses to amended pleadings be filed within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. Here, the applicable deadline is 14 days after service of Plaintiff's amended complaint.

9. The requested extension will not unduly delay disposition of this case or prejudice Plaintiff. Following the filing of his Complaint in January 2025, Plaintiff waited over nine months to serve SGBL and then, soon after, filed an Amended Complaint.

10. Good cause exists for the Court to issue an expedited ruling. Per Local Rule 7.1(d)(2), a ruling on the foregoing motion is respectfully requested by Monday, November 10, 2025. This is three days prior to SGBL's current deadline to file its responsive pleading. Absent this extension, SGBL would be required to file its responsive pleading on November 13, 2025. The requested expedited ruling is sought to avoid unnecessarily expending time and resources to prepare an anticipated motion to dismiss.

11. Counsel for Defendant Banque Du Liban has stated that she consents to the relief sought.

12. Plaintiff has stated that he does not consent to the relief sought.

WHEREFORE, Defendant SGBL respectfully requests this Court to grant its motion and extend its deadline to respond to the Amended Complaint up to and including January 12, 2026.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and counsel for Defendant Banque Du Liban consents and Plaintiff objects to the relief sought.

Date:  November 6, 2025.                     Respectfully submitted,

/s/ Kenneth G. Turkel
Kenneth G. Turkel - FBN 867233
E-mail:  kturkel@tcb-law.com
David A. Hayes - FBN 096657
E-mail:  dhayes@tcb-law.com
Turkel • Cuva • Barrios • Guerra
100 North Tampa Street, Suite 1900
Tampa, FL  33602
Tel: (813) 834-9191
Fax: (813) 443-2193

Brian J. Leske  *(admitted pro hac vice)*
E-mail:  bleske@ashcroftlawfirm.com
Michael J. Sullivan *(admitted pro hac vice)*
E-mail:  msullivan@ashcroftlawfirm.com
Ashcroft Law Firm, LLC
200 State Street, 7th Flr.
Boston, MA 02109
Tel:  (617) 573-9400

*Attorneys for Defendant,*
*Société Générale De Banque Au Liban*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2025, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record and Plaintiff.

/s/ Kenneth G. Turkel
Attorney

4