**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-20097-MOORE/Elfenbein

**JOSEPH C. ZOGHAIB**,

      Plaintiff,

 v.

**SOCIETE GENERALE DE**
**BANQUE AU LIBAN**, *et al.*,

      Defendants.

_____/

## <u>AMENDED OMNIBUS REPORT AND RECOMMENDATION ON</u><br><u>DEFENDANTS' MOTIONS TO STAY DISCOVERY[1]</u>

**THIS CAUSE** is before the Court on Defendant Banque du Liban's ("BdL") Motion to Stay Discovery and Postpone Mediation ("BdL's Motion"), ECF No. [75], and Société Générale De Banque Au Liban's ("SGBL" and collectively, the "Defendants") Motion to Stay Discovery and Postpone Mediation Pending Resolution of its Dispositive Motion to Dismiss ("SGBL's Motion"), ECF No. [78]. The Honorable K. Michael Moore referred the above-captioned case to me pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida to take "all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." *See* ECF No. [6]. Having reviewed the briefing on the issues, the relevant case law, and exhibits, for the reasons explained below, I **RECOMMEND** that BdL's Motion, **ECF No. [75]**, and SGBL's Motion, **ECF No. [78],** both be **GRANTED**.

---

[1] The original Report and Recommendation has been amended solely to add language on page 15 informing the Parties of their right to object and the timeframe to do so. Such language was inadvertently omitted from the original Report and Recommendation.

CASE NO. 25-CV-20097-MOORE/Elfenbein

## I.     BACKGROUND

*Pro se* Plaintiff Joseph Zoghaib ("Plaintiff" or "Zoghaib") initiated this action on January 1, 2025, *see* ECF No. [1], and thereafter filed filed an Amended Complaint, ECF No. [33], which is the operative pleading.  In the Amended Complaint, Zoghaib alleges that SGBL, a private bank in Lebanon, issued a cashier's check to him from the account he held there, and that the cashier's check that SGBL issued was, in turn, drawn from its account with BdL.  *See* ECF No. [33] at ¶¶14-15.  He further alleges that, following "the collapse of Lebanon's financial system on October 17, 2019, Defendants began issuing checks drawn on accounts at B[d]L, knowing these checks could not be honored," and that Plaintiff was the recipient of such a check from SGBL, which was not honored when he attempted to deposit it in Miami, Florida.  *See* ECF No. [33] at ¶30.  Specifically, on November 26, 2021, Zoghaib alleges that he received a cashier's check from SGBL in the amount of $336,000 and when he attempted to cash the check for payment on April 1, 2024, SGBL "dishonored the cashier's check," citing "FOREIGN REGULATORS PROHIBIT CLEARING OF THE CHECK— PLEASE CONTACT THE PERSON WHO WROTE IT."  *See* ECF No. [33] at ¶¶47-49.  Against this factual backdrop, Zoghaib has alleged claims against both Defendants for breach of contract (Count I), violation of the Uniform Commercial Code, holder in due course (Count II), conversion (Count III), unjust enrichment (Count IV), promissory estoppel (Count V), common law fraud (Count VI), breach of fiduciary duty (Count VII), breach of covenant of good faith and fair dealing (Count VIII), deceptive trade practices/consumer protection (Count IX), equitable estoppel (Count X), intentional infliction of emotional distress (Count XI), constructive trust (Count XII), punitive damages (Count XIII), negligence (Count XIV), violation of

2

international banking laws (Count XV), and violation of 18 U.S.C. §§1961-1968 (Count XVI).[2]

*See* ECF No. [33] at 13-25.

Both BdL and SGBL have moved to dismiss the Amended Complaint.  *See* ECF No. [72] and ECF No. [81].  BdL's Motion to Dismiss is based on 28 U.S.C. §§ 1602 *et seq.*, 1608(b), and Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).  *See id.* at 1.  BdL asserts that the Court should dismiss the Amended Complaint for a multitude of procedural and substantive reasons including, failure to comply with the strict service requirements of the Foreign Sovereign Immunities Act ("FSIA"); lack of subject-matter jurisdiction because BdL is entitled to foreign sovereign immunity; lack of personal jurisdiction; the Act of State Doctrine; *forum non conveniens*; improper venue; and failure to state a claim under Lebanese or Florida law.  *See e.g.*, ECF No. [72] at 10, 13, 20, 22, 25, 26, and 29.  SGBL's Motion to Dismiss likewise presents a plethora of procedural and substantive arguments for dismissal, including that Zoghaib failed to allege a *prima facie* case of personal jurisdiction; the mandatory forum-selection clause requires dismissal under *forum non conveniens*; the Act of State Doctrine requires dismissal; and that Zoghaib fails to assert claims under either Lebanese or Florida law.  *See e.g.*, ECF No. [81] at 8, 15, 18, and 19.

Contemporaneous with the filing of the Motions to Dismiss, both BdL and SGBL also moved to stay discovery pending their resolution.  *See* ECF No. [75] and ECF No. [78].  In BdL's Motion, ECF No. [75], it argues that it is immune from any liability under the FSIA and this "threshold jurisdictional issue" must be resolved before it is subject to the burdens of discovery and mediation, explaining that courts routinely stay discovery when immunity is involved.  *See*

---

[2] Although the Amended Complaint purports to allege 17 counts, it only contains 16 counts as there is no Count VII identified.  *See generally* ECF No. [33].  The Court has conformed the Count numbers to account for this error in the Amended Complaint.

ECF No. [75] at 5.  According to BdL, denying immunity under FSIA establishes interlocutory appeal jurisdiction and BdL intends to raise the issue on appeal, should this Court deny its pending Motion to Dismiss.  *See* ECF No. [75] at 6-7.  Further, BdL points out that this argument mirrors the arguments that "courts have repeatedly accepted in nearly identical lawsuits brought by Lebanese-American depositors arising out of the Lebanese financial crisis against BdL."  *See* ECF No. [75] at 6.

Next, BdL seeks to stay discovery, arguing that its facial challenges to the Amended Complaint must be resolved before discovery or mediation begins as a "preliminary peek" confirms that BdL's Motion to Dismiss is likely case dispositive.  *See* ECF No. [75] at 1-2, 5-7.  Specifically, BdL explains that several courts have already analyzed nearly identical lawsuits and found them to be likewise jurisdictionally defective.  *See* ECF No. [75] at 8-9.  Adding to that point, BdL states that discovery at this stage would be futile because discovery cannot supply jurisdiction where the pleadings affirmatively negate it.  *See* ECF No. [75] at 8-9.  This is because, according to BdL, "[n]o amount of discovery could transform sovereign Lebanese financial measures into commercial acts, create U.S.-based conduct where none exists, or produce a jurisdictional hook absent from the Amended Complaint."  *See* ECF No. [75] at 9.  Finally, BdL states that it cannot be subject to discovery or mediation absent proper service of process, which BdL has also challenged, and that a temporary stay will not unduly prejudice Zoghaib.  *See* ECF No. [75] at 1-2, 5-7.

For its part, SGBL's Motion argues that a "preliminary peek" at its Motion to Dismiss reveals that it is meritorious and dispositive of all claims as well.  Specifically, its Motion to Dismiss raises several independent jurisdictional challenges and other merits-based grounds that, if granted, require dismissal of Plaintiff's Amended Complaint in its entirety, including personal

jurisdiction and a forum-selection clause. *Id*. at 7. It further argues that "the high burden of engaging in discovery and mediation during the pendency of that motion—much of which will involve locating evidence and witnesses in Lebanon by a party neither properly alleged nor subject to this Court's jurisdiction—outweighs any potential harm to Plaintiff for any discovery delay." *See* ECF No. [78] at 6. SGBL contends that good cause exists for the stay because its Motion to Dismiss is "clearly meritorious and case dispositive." *See* ECF No. [78] at 1.

In further support of the stay, SGBL contends that a temporary stay of discovery will avoid potential for wasting party and judicial resources because Zoghaib's discovery requests are very broad and responding to them will require the Parties "to expend substantial resources negotiating and/or litigating the scope of the requests (including, *inter alia*, appropriate time periods and limitation of applicable entities), with the Court likewise having to expend judicial time and resources to address discovery disputes." *See id*. at 9-10. Finally, SGBL asserts that a temporary stay will not prejudice Zoghaib because there are no "special circumstances warranting discovery before final resolution of the purely legal issues raised" in its Motion to Dismiss. *Id*. It contends that discovery requests do not seek information that would help Zoghaib in defending against SGBL's Motion to Dismiss, and that there would be no significant impact on the timely resolution of the case if the stay were granted because Zoghaib waited over nine months to serve discovery requests and the close of the discovery period is May 15, 2026. *See id*. at 10.

Zoghaib responded to both Motions to Stay. *See* ECF No. [96] and ECF [97]. Starting with his Response to BdL's Motion, Zoghaib opposes the stay, arguing that discovery is essential because BdL disputes core jurisdictional facts, including its commercial conduct, use of U.S. correspondent accounts, and its direct effects in Florida. *See* ECF No. [97] at 1. Zoghaib further asserts that "BDL provides no affidavit, declaration, or evidence of burden under Rule 26(c), and

identifies no authority exempting foreign sovereigns from mediation." *See id*.  He argues that a FSIA interlocutory appeal does not "self-execute" a stay and "provides no basis to preemptively halt jurisdictional discovery or court-order mediation." *Id*. at 7.  Zoghaib further contends that the Eleventh Circuit requires jurisdictional discovery before immunity is adjudicated where jurisdictional facts are disputed and that a "preliminary peek" is inappropriate here because BdL disputes nearly every jurisdictional fact and these issues cannot be resolved on the pleadings. *Id*. He disagrees with BdL that discovery cannot cure jurisdictional defects.  Zoghaib also includes a litany of arguments as to why the Amended Complaint should not be dismissed in his Response. *See generally* ECF No. [97].  He then argues that a stay would prejudice him because BdL's "delay tactics" threaten preservation of evidence, obstruct mediation, and prolong his financial harms.  *Id*. at 17.  He further opposes BdL's argument that mediation burdens immunity because it necessarily addresses the merits, contending instead that no FSIA authority supports BdL's point and that "[m]ediation is a non-adjudicative, court-ordered settlement process requiring no discovery or evidence, and courts routinely require it even when immunity is asserted." *See id*. at 19.  Citing to Federal Rule of Civil Procedure 1, which requires a just, speedy, and inexpensive resolution, Zoghaib finally argues that jurisdictional discovery promotes efficiency, and that staying discovery would delay resolution of threshold issues including "commercial activity, correspondent-account use, direct effect, long-arm jurisdiction, and sovereign versus commercial conduct-that cannot be resolved without discovery." *Id*. at 19.  He also argues that efficiency "overwhelmingly" favors proceeding with discovery.

Turning to his Response to SGBL's Motion, much like his Response to BdL's Motion, Zoghaib makes various arguments as to why the Amended Complaint should not be dismissed. *See generally* ECF No. [96].  Zoghaib opposes the stay because "discovery is essential to resolve

disputed jurisdictional issues, that SGBL has not shown good cause under Rule 26(c), and that a stay would only prejudice [him]." *See id*. at 2. Regarding jurisdictional discovery, he argues it is warranted to determine the nexus between SGBL's correspondent account activity and Zoghaib's harm. *See id*. Zoghaib states that granting SGBL's Motion would cause him concrete prejudice and that courts consistently recognize that delays in discovery can impair a plaintiff's ability to prosecute claims, risk the loss of evidence, and exacerbate ongoing harm. *Id*. at 16. He contends that balancing the movant's burden against the prejudice to the non-movant is required under the Rule 26(c) balancing test, and it weighs "heavily against SGBL" here. *See* ECF No. [96] at 16.

Similar to his Response to BdL's Motion to Stay, he argues that delaying discovery in this case increases the risk that evidence will be lost or rendered inaccessible and that he has already suffered financial harm due to SGBL and continues to suffer. *Id*. at 17. Zoghaib contends that jurisdictional discovery is not optional where facts are disputed and granting a stay would deprive him of the opportunity to develop the record. *See id*. at 17. He further argues that judicial efficiency favors proceeding with discovery and mediation because it will help narrow the issues or promote settlement when jurisdictional facts are disputed. *See id*. at 18, 20.

In its Reply ("BdL's Reply"), ECF No. [102], BdL argues that Zoghaib raises a multitude of erroneous arguments that are factually and legally incorrect. In particular, BdL reemphasizes its argument that it is subject to immunity under the FSIA as an instrumentality of the Lebanese government and that, under such circumstances, a stay of all discovery and mediation are appropriate. *See* ECF No. [102] at 2. While the remainder of the Reply seems to be directed to Zoghaib's arguments surrounding the Motion to Dismiss, BdL does point out that its Motion to Dismiss challenges the legal sufficiency of the Amended Complaint as pled. *See* ECF No. [102]. 2-5. The inference then is that, because the challenge is based on the factual sufficiency of the

Amended Complaint, there are no disputed jurisdictional allegations that would require jurisdictional discovery, making the stay appropriate.

For its part, in its Reply, ECF No. [101], SGBL largely responds to Zoghaib's arguments in opposition of dismissal. SGBL also explains that complying with Zoghaib's discovery requests would be a massive undertaking, requiring a time-sensitive and costly review of communications, account transactional records, and other documents for an extended period of time, especially because SGBL is a foreign defendant. Further, compliance would require, according to SGBL, identifying and locating "the vast array of documents" maintained across dozens of branches in Lebanon and then hand-scanning the records, which span a six-year period. *See* ECF No. [101] at 4; ECF No. [82] at ¶¶16-18. Finally, SGBL argues that Plaintiff's claim for jurisdictional discovery is meritless on both procedural and substantive grounds because Plaintiff never formally moved for jurisdictional discovery, does not explain what facts it would be intended to uncover, and that the Eleventh Circuit has not found abuse of discretion for denying discovery where a complaint is insufficient as a matter of law to establish a *prima facie* case of jurisdiction. *See* ECF No. [101] at 4-5.

## II.      LEGAL STANDARD

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). Within that discretion, it is "the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." *Id.* (quotation marks omitted). "If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

"Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Id.* "For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* (footnotes omitted). "Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Id.*

One kind of challenge courts should resolve "before discovery begins" is a "[f]acial challenge[] to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief." *Id.* at 1367. *See also Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) ("As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal."). Courts should resolve that kind of challenge before discovery because it "always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true," so "neither the parties nor the court have any need for discovery before the court rules on the motion." *See Chudasama*, 123 F.3d at 1367.

"In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1228 (S.D. Fla. 2023) (citation omitted). "Both concerns

9

are important — while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case." *Cabrera*, 331 F.R.D. at 186.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (quotation marks omitted). "[W]here a pending motion may dispose of the entire action, granting a stay of discovery not necessary for resolution of the motion may be justified." *Skuraskis*, 2023 WL 8698324 at *2. If a motion to dismiss raises "potentially fatal pleading" and jurisdictional "deficiencies," staying discovery is warranted. *See id.* at *5. But if "there appears to be a genuine dispute as to whether" a claim or defense is meritorious, staying discovery is not appropriate. *See Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013). The "proponent of a stay of discovery bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Cuhaci*, 540 F. Supp. 3d at 1187 (quotation marks omitted).

### III.    DISCUSSION

After a preliminary peek at Defendants' Motions to Dismiss, *see* ECF No. [72]; ECF No. [81], the Court concludes a stay of discovery is appropriate. Cumulatively, the Motions to Dismiss raise several potentially fatal pleading and jurisdictional deficiencies, *see Skuraskis*, 2023 WL 8698324 at *5, including problems with subject-matter jurisdiction and venue. The Motions to Dismiss also raise several other arguments suggesting that Plaintiff has failed to state a claim upon which relief can be granted. *See* ECF No. [72]; ECF No. [81].

CASE NO. 25-CV-20097-MOORE/Elfenbein

More precisely, while the Court does not comment upon the merits of all arguments raised in the Motions to Dismiss, it observes that the following arguments BdL raises appear to be clearly meritorious and truly case dispositive: (1) a lack of subject-matter jurisdiction based on the FSIA, which "provides the sole basis for obtaining jurisdiction over a foreign state in this country," *see Bock Holdings, LLC v. Republic of Honduras*, 654 F. Supp. 3d 1261 (S.D. Fla. 2023) (citations and quotations omitted) and (2) improper venue based on *forum non conveniens. See* ECF No. [72]. And although Plaintiff argues that he should be entitled to jurisdictional discovery to rebut these arguments, particularly the FSIA issue, BdL's arguments are based on the four corners of the Amended Complaint. Indeed, BdL's analysis relies exclusively on Plaintiff's own allegations. While "[r]esolution of a pretrial motion that turns on findings of fact — for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) — may require some limited discovery before a meaningful ruling can be made," "[f]acial challenges to the legal sufficiency of a claim or defense," "should, however, be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367. This is because the arguments "present[] a purely legal question" without any "issues of fact" as "the allegations contained in the pleading are presumed to be true." *Id.* (citing *Mitchell v. Duval County Sch. Bd.,* 107 F.3d 837, 838 n. 1 (11th Cir.1997) (per curiam)). Here, BdL's arguments on subject-matter jurisdiction, *forum non conveniens*, as well as failure to state a claim, all of which have the potential to be case-dispositive, present purely legal questions that do not require discovery for their resolution.

Further, when a defendant raises an argument based on immunity, such as the FSIA, that provides even stronger grounds for a stay of discovery. *See Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (explaining that "district court orders that required the defendants, who had asserted qualified or *sovereign immunity*, to further litigate the underlying merits of the lawsuit

11

without having first received a ruling as their immunity" "effectively denied immunity, which provides 'an entitlement not to stand trial or face the other burdens of litigation.") (emphasis added, internal citations omitted); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of *sovereign* or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.") (emphasis added); *Oueiss v. Saud*, No. 20-CV-25022-KMM, 2021 WL 11606313, at *2 (S.D. Fla. Apr. 5, 2021) (Moore, J.) (staying discovery in matter raising defenses of *foreign sovereign immunity*, foreign official immunity, and personal jurisdiction, explaining that "United States Supreme Court and Eleventh Circuit Court of Appeals precedent instructs that defenses of immunity should be resolved at the earliest stages of litigation so that defendants subject to such immunity are not unnecessarily burdened with litigation requirements, including discovery.") (emphasis added); *Point Conversions, LLC v. Lopane*, No. 20-CV-61549, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020) ("Defendant asserts *sovereign* and judicial *immunity* defenses, which raise serious questions regarding the viability of Plaintiff's Complaint that must be resolved before Defendant is burdened with discovery and other pretrial obligations.") (emphasis added). Given the Court's preliminary peek of BdL's arguments in the Motion to Dismiss, including its sovereign immunity argument, the Court concludes that a stay of discovery and mediation is appropriate as to Plaintiff's claims against BdL.

Turning next to SGBL, after a preliminary peek of the issues raised in its Motion to Dismiss, the Court likewise concludes that it raises at least two meritorious, case-dispositive arguments arising from a facial challenge to personal jurisdiction as well as a forum-selection clause included in the banking agreement between Plaintiff and SGBL. *See* ECF No. [81]. Because any one of those arguments has the potential to be truly case dispositive, a stay of

discovery is warranted.  *See Cuhaci*, 540 F. Supp. 3d at 1187.  Again, Plaintiff argues that jurisdictional discovery should be allowed; however, SGBL challenges Plaintiff's failure to establish a *prima facie* case of personal jurisdiction based on the allegations within the Amended Complaint.  As explained above, arguments that present a facial challenge to the allegations in a complaint raise a purely legal question, which means the trial court need not make any factual determinations, allowing such questions to "be resolved before discovery begins."  *Chudasama*, 123 F.3d at 1367.  Stated differently, for the Court to rule on SGBL's personal jurisdiction argument, no determinations of disputed factual issues are necessary as the argument relies on the allegations, or in some instances, lack of allegations within the Amended Complaint.  As a result, jurisdictional discovery is unnecessary.  *See World Media All. Label, Inc. v. Believe SAS*, No. 24-12079, 2025 WL 2102017, at *5 (11th Cir. July 28, 2025) ("[A] district court does not abuse its discretion by denying jurisdictional discovery if 'the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction.'" (citing *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009))).  The same holds true to resolve SGBL's argument based on the forum-selection clause.  Accordingly, the Court concludes that a stay of discovery and pretrial deadlines is also appropriate as to Plaintiff's claims against SGBL.

The Court ends its analysis by noting that, in his Responses, Zoghaib cites to various cases for certain propositions that do not support his arguments, leading the Court to suspect that Zoghaib used artificial intelligence ("AI") to write them.  For example, Zoghaib repeatedly cites to *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002) to support his argument that "FSIA immunity does not bar jurisdictional discovery where the commercial-activity exception is invoked or jurisdictional facts are disputed."  *See* ECF No. [97] at 1.  However, the *Meier* decision involves a dismissal for lack of personal jurisdiction, making no reference to the

FSIA, immunity, the commercial-activity exception, or a stay of discovery. [3] *See generally Meier, Ltd.*, 288 F.3d 1264.  The same holds true for Zoghaib's repeated reliance on *In re Clerici*, 481 F.3d 1324 (11th Cir. 2007).[4]  *See* ECF No. [97] at 1.  The decision in *In re Clerici* involves a request for discovery for use in another foreign tribunal under 28 U.S.C. § 1782 but makes no mention of a stay of discovery, the need for jurisdictional discovery, the FSIA, or more broadly immunity.  *See generally In re Clerici*, 481 F.3d 1324.  Similarly, Plaintiff cites to *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89 (11th Cir. 1989) for the proposition that "a[] stay of discovery is an extraordinary remedy and the movant bears the burden of showing 'good cause' through specific, particularized, evidentiary facts – not attorney argument," arguing that BdL failed to make this showing so the request for a stay should be denied.  *See* ECF No. [97] at 4.  However, *McCarthy* does not address motions to stay discovery and instead discusses a media outlet's right to intervene in a case where a protective order shielded information designated as confidential during the litigation.  *See McCarthy*, 876 F.2d at 90-91.  Zoghaib's failure to accurately characterize the cases on which he relies has caused the Court (and likely the Defendants) to expend unnecessary time and effort searching for language in the opinions that would support his arguments, only to find there is none.  To the extent that Zoghaib has used AI to draft his Responses, the Court cautions Zoghaib that he is responsible for checking each citation and quotation in his filings to verify that they indeed stand for such propositions prior to filing them

---

[3] For the same reasons, Zoghaib also incorrectly relies on this decision to argue: "A stay is improper where the motion to dismiss raises fact-dependent issues, jurisdictional disputes, or FSIA questions requiring factual development." *See* ECF No. [97] at 3. And he does so again when he argues that "[t]he Eleventh Circuit repeatedly holds that jurisdictional discovery is required where facts relevant to immunity or personal jurisdiction are disputed." *See* ECF No. [97] at 4.  His Response contains several other inaccurate references to *Meier*.

[4] Similarly, Zoghaib incorrect relies on this decision when he states: "The Eleventh Circuit requires jurisdictional discovery where a defendant disputes facts relevant to personal jurisdiction or FSIA immunity." *See* ECF No. [97] at 3.

with the Court.  To the extent that Zoghaib personally researched and read this case law and drafted the Responses himself without the use of AI, he is admonished against misrepresenting the content of cases in his filings.  Either way, if Zoghaib misstates the contents of case law in his future filings, he is warned that he may be subject to sanctions under Federal Rule of Civil Procedure 11(b) and (c)(3).

## IV.   CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that BdL's Motion to Stay, **ECF No. [75]** be **GRANTED;** SGBL's Motion to Stay, **ECF No. [78],** be **GRANTED;** and that discovery and mediation in this matter be stayed until resolution of BdL's Motion to Dismiss, ECF No. [72], and SGBL's Motion to Dismiss, ECF No. [81].

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore.  Failure to timely file objections shall bar the Parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on April 8, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

15

CASE NO. 25-CV-20097-MOORE/Elfenbein

cc: All counsel of record

Joseph C. Zoghaib
12729 SW 211th Street
Miami, FL 33177
305-360-4117
Email: domestica.jose@yahoo.com
*PRO SE*

16